The State, *ex rel.*, v. Hilty.

No. 19,844.

THE STATE OF KANSAS, ex rel. SCHOOL DISTRICT NO. 4 OF STANTON COUNTY, *Appellee,* v. ELAM HILTY, as County Superintendent of Stanton County, et al. (ELAM HILTY, as County Superintendent of Stanton County, *Appellant*).

### SYLLABUS BY THE COURT.

1. STATUTE — *In Aid of High Schools in Certain Counties — Constitutional.* Whether the provisions of sections 5 and 12 of chapter 263 of the Laws of 1911, attempting to limit the operation of the act by excluding therefrom certain counties having a population of 3000 or less and counties where high schools were already in operation under previous statutes, are unconstitutional is not decided, but it is *held,* independent of these sections, the act as a whole is not unconstitutional.

2. SAME—*Aid to High Schools—Levy of Taxes—Respective Duties of County Superintendents and County Commissioners.* The language of section 11 of chapter 263 of the Laws of 1911, declaring it to be the duty of the county superintendent in counties governed by the act to certify to the county commissioners and the county treasurer on or before the first day of July in each year the amount of money necessary to aid a district to maintain a high school "for the year ending on the 30th day of June preceding," and making it the duty of the county board to make such levy, is construed to mean that the amount certified and levied shall be the amount necessary to aid the district to maintain the school for the succeeding year.

Appeal from Stanton district court; GEORGE J. DOWNER, judge. Opinion filed January 8, 1916. Affirmed.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellant.

*Edgar Foster,* of Garden City, and *Walter L. Bullock,* of Dodge City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The school district sought by mandamus to compel the defendant as county superintendent to certify to the county commissioners the amount necessary to aid the high school in the district for the school year 1914-1915. The defendant appeals from a judgment granting the peremptory writ.

The first contention is that chapter 263 of the Laws of 1911 is a special act on a subject which might have been covered by a general law and is therefore in conflict with the provision of section 17 of article 2 of the constitution. By the title and by section 1 the act is made to apply only to counties having a population of less than 10,000. The particular part to which defendant objects is section 12, which attempts to further limit the operation of the act by excluding from its provisions counties where high schools were already established under chapter 397 of the Laws of 1905 (Gen. Stat. 1909, §§ 7792-7801). The argument is that if the act is of any value it ought to be extended to all counties similarly situated. In the opinion of the legislature the fact that in certain counties high schools had already been established under the provisions of a former law was evidently considered sufficient to place those counties in a different class; but it is unnecessary to worry about the validity of section 12 since the defendant has no interest in that section, Stanton county having less than 10,000 population and never having had a high school in operation under the Laws of 1905. If section 12 were held void that would not destroy the rest of the statute. The same may be said as to certain objections raised concerning the provisions of section 5. (*Harrod v. Latham,* 77 Kan. 466, 469, 94 Pac. 11, and cases cited in the opinion.)

Testimony offered by the plaintiff and the admissions of the defendant in his testimony show that he refused to perform his duty to certify the amount necessary to maintain the high school because he fell out with the district board over the employment of a teacher. It seems that he recommended the hiring of a teacher at a salary of $150 per month. The board employed one at a salary of $85, who had taught the school for the last part of the previous year. While the statute (§ 4) places the high school under the supervision and control of the county superintendent and the district board, it does not give the superintendent the veto power over the board. It contemplates that they shall act together for the best interests of the school. It would hardly be reasonable to hold that the school may be closed or deprived of all aid from the county at the arbitrary will of the superintendent when-

ever the board differs with him about the employment of a teacher.

The only other reason stated by defendant for his refusal to certify the amount necessary to aid the school for the year 1914-1915 is that after his disagreement with the directors he looked up the statute and construed its provisions to mean that any certificate made by him was to embrace the amount necessary to carry on the school, not for the coming year of 1914-1915, but for the previous year. It is true, the language of section 11 of the act is not as clear as it might be, and if construed literally leads to absurd results. It makes it the duty of the county superintendent to certify to the county commissioners on or before the first day of July in each year the amount necessary to aid the district in maintaining high schools under the provisions of the act "for the year ending on the 30th day of June preceding," and then requires the commissioners to make the levy. The word "preceding" was obviously used by mistake and intended to mean "succeeding," and it has received this construction generally by the public officers having charge of the enforcement of the law. The defendant had no quibble over the meaning of this section until his differences with the school board. He construed it in accordance with common sense the year previous and certified the amount necessary to aid the school for the year 1913-1914. Of course the legislature could not have intended that the superintendent should certify what was necessary to aid the school for the year that was past, or that the county board should make a levy of taxes to pay something already paid. To give the construction to section 11 which the defendant now relies upon as an excuse for refusing to perform his duty would render the entire chapter of no force or validity whatever.

The defendant suggests no substantial reason for refusing to certify the amount to the board of commissioners, and the judgment will be affirmed.